UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN COX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK T. ESPER,<br><br>　　　　　Defendant. | No. 2:18-cv-02110 MCE CKD (PS)<br><br><br>ORDER |

Plaintiff, a Texas resident proceeding pro se, commenced this action in October 2017. (ECF No. 1.) In August 2018, the case was transferred to the Eastern District of California. (ECF No. 17; ECF No. 19 at 3-7.) Two months later, plaintiff filed a First Amended Complaint alleging discrimination and retaliation in the course of his employment with the U. S. Army. (ECF No. 23 ("FAC").) Defendant Esper is Secretary of the U. S. Army. (ECF Nos. 20 & 22.)

The FAC asserts claims under the Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. (Id.) In Count Two, plaintiff asserts that defendant

> violated the Rehabilitation Act when Defendant refused to permit Plaintiff to exercise his rights under the Federal Employees Family Friendly Leave Act ("Leave Act") . . . when knowing Plaintiff was under a Physician's care for Depression but nevertheless refused to permit Plaintiff to take leave as the law allowed him and his treating Physician ordered.

FAC, ¶ 37.

1

On November 16, 2018, defendant filed a motion to dismiss the FAC in part, arguing for dismissal of the Rehabilitation Act claim due to lack of subject matter jurisdiction and, alternatively, for failure to state a claim. (ECF No. 28.) Briefly, defendant argues:

> Though Count Two is alleged as a Rehabilitation Act claim, it is actually a leave act claim alleging denial of Plaintiff's leave under the Federal Employees Family Friendly Leave Act ("FFLA"). The Court lacks jurisdiction over Plaintiff's claim because the government has not waived its sovereign immunity for such a claim; Plaintiff bears the burden of proving subject matter jurisdiction and waiver of sovereign immunity. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

(ECF No. 30 at 4 (some citations omitted).)

Plaintiff did not file an opposition or statement of non-opposition to the partial motion to dismiss. However, defendant states in his reply that "Plaintiff served Defendant with his non-opposition" to the motion. (ECF No. 30.) Defendant attaches a copy of the document, entitled "Plaintiff's Concurrance [sic] to Defendant's Motion to Dismiss in Part" and bearing the case number of this action. (ECF No. 30 at 4.) It states:

> Plaintiff offers no objection to Defendant's motion to dismiss in part Plaintiff's First Amended Complaint. Plaintiff acknowledges the error in pleading his Rehabilitation Act Claim. Respectfully submitted, [plaintiff's name].

(ECF No. 30 at 4.) The document is dated December 19, 2018, and defendant filed and served it two days later. (Id.) Plaintiff has not indicated by any subsequent filing that he, in fact, opposes dismissal of this claim.

As the partial motion to dismiss is unopposed, the undersigned will dismiss the FAC as to Count Two and give defendant sixty days to file an answer to the remaining claim.

Accordingly, it is hereby ordered that:

1. Defendant's motion to dismiss (ECF No. 28) is granted;
2. Count Two of the FAC is dismissed without prejudice;

////

////

2

3. The February 6, 2019 hearing on the motion to dismiss is VACATED; and

4. No later than sixty (60) days from the date of this order, defendant shall file an answer to the remaining claim.

Dated:  January 10, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/cox2110.mtd